# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN LEE NEWBERG,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:07-cv-00189-RCJ-RAM

**ORDER**

    Before the court are the second amended petition for writ of habeas corpus (#42), respondents' motion to dismiss (#50), and petitioner's opposition (#57). The court finds that ground 5(c) and part of ground 4 of the second amended petition are procedurally defaulted, and the court grants the motion in part.

    In its earlier order (#35), the court determined in relevant part that ground 5(c) and the double-jeopardy claim in ground 4 of the first amended petition (#20) were not exhausted. The court then stayed the action while petitioner exhausted those claims in state court. Order (#40). Ultimately, the Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726 and successive and abusive of the writ pursuant to Nev. Rev. Stat. § 34.810. Ex. 89 (#43).

    Petitioner then returned to this court with his second amended petition (#42). Respondents first argue that ground 5(c) and the double-jeopardy claim in ground 4 are procedurally defaulted.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

Regarding ground 4, petitioner was charged with six counts of sexual assault with a minor under the age of sixteen, among other charges. At trial and on direct appeal he contended that the trial court should have given the jury an advisory instruction of acquittal on three of the counts, because the evidence showed only three sexual acts. That part of ground 4 is exhausted and not procedurally defaulted. Petitioner also contends that the convictions on all six counts of sexual assault violate the Double Jeopardy Clause of the Fifth Amendment. That part of ground 4 is now exhausted, but it also is procedurally defaulted.

On direct appeal, the Nevada Supreme Court summarized the facts and arguments behind ground 4:

> At trial, Newberg contended that under Townsend v. State [n.14, 103 Nev. 113, 734 P.2d 705 (1987)] the district court should give an advisory verdict that the jury consider only three counts of sexual assault of a minor under the age of 16. Newberg further requested a jury instruction on the matter, which the district court agreed to give to the jury. Newberg argued that the evidence depicted only three sexual acts: fellatio, sexual intercourse, and an additional act of fellatio. Newberg argued that the jury should not consider each distinct sexual act as a separate offense. Newberg contended it was improper to consider three additional charges of sexual assault, each instituted anew when Newberg was engaged in a single act of sexual conduct, stopped to adjust the recorder, and resumed the conduct.

Ex. 66, at 7-8 (#28).

Petitioner presents an argument of actual innocence. The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of

one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

      The court is not persuaded. Petitioner is not arguing that the events depicted in the recording did not actually occur. He is arguing that he could have been convicted on only three counts based upon those events.[1] This is an argument that the legal consequences of his acts should have been different; it is not an argument for factual innocence. Petitioner has not demonstrated actual innocence within the meaning of Bousley. The court dismisses the double-jeopardy claim in ground 4.

      Regarding ground 5(c), before trial, petitioner had moved to suppress recordings of telephone conversations between petitioner, who at the time of the conversations was a pre-trial detainee at the Clark County Detention Center, and other people. In an evidentiary hearing, petitioner argued that the prosecution had given him copies of the recordings on the eve of trial, without enough time to review the recordings. The judge denied the request to suppress the recordings and instead continued the trial to give petitioner time to review the recordings. Ex. 27, at 136-37 (#23). In a written motion, petitioner argued that the recordings violated Nevada's wiretap law because the prosecution did not apply to a judge for permission to record the conversations. Ex. 33 (#23) (citing Nev. Rev. Stat. § 179.460).

---

[1] The court is considering ground 4 in isolation. Elsewhere in the second amended petition petitioner is challenging the validity of the judgment of conviction as a whole.

In ground 5(c) of the current second amended petition, petitioner argues that his appellate counsel provided ineffective assistance because counsel did not raise the wiretap issue on direct appeal to the Nevada Supreme Court. Petitioner did not present the ineffective-assistance claim in his first state post-conviction habeas corpus petition. After this court stayed this action, petitioner raised the claim in his second state post-conviction habeas corpus petition, and the claim was barred as successive, abusive of the writ, and untimely. Ex. 89 (#43).

Petitioner argues that cause and prejudice exist to excuse the procedural default. Ground 5(c) is a claim of ineffective assistance of appellate counsel. Petitioner did not raise the claim in his first state habeas corpus petition. The Supreme Court has held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). The Court of Appeals of the Ninth Circuit has extended the rule of Martinez to apply to procedurally defaulted Amendment claims of ineffective assistance of direct-appeal counsel. Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013).

The court is not persuaded that ground 5(c) is a substantial claim of ineffective assistance of appellate counsel, regardless of the reasons supporting the motion to suppress. If the reason supporting the motion to suppress was a lack of notice, the trial court fixed that problem by continuing the trial until petitioner was able to review the recordings of the telephone conversations. Appellate counsel would have had no issue to present about the denial of the motion to suppress.

If the reason supporting the motion to suppress was a violation of Nevada's wiretap law, there also was no issue to present on appeal. The conversations were recorded over the jail's telephone system. At trial, Richard Forbus, a correctional sergeant at the Clark County Detention Center, testified about the procedures for monitoring and recording telephone calls by inmates. Upon booking, petitioner completed a classification questionnaire that informed him that telephone conversations were subject to monitoring and recording. Ex. 39, at 63-64 (#26). Signs posted next to the telephones warn inmates that telephone calls are subject to monitoring or recording. Id. at 66-

67 (#26). Excerpts of recordings of petitioner's phone calls from the jail were played to the jury. Id. at 104-08 (#26). These excerpts were not transcribed, but in the opening statement the prosecutor noted that the jury would hear recorded warnings, intended for the recipients of the telephone calls, that the calls were subject to monitoring or recording. The prosecutor also noted that petitioner himself told people on the other end of conversations that the calls were being recorded. Ex. 36, at 12-14 (#25).

Under these circumstances, a claim of ineffective assistance of appellate counsel for not raising a wiretap violation would be insubstantial. The underlying issue would have been without merit. First, the jail, staffed by members of the Las Vegas Metropolitan Police Department, is a law enforcement agency. Testimony at the trial showed that the jail routinely monitored or recorded all telephone conversations by inmates. A law enforcement agency that records conversations on its telephones in the ordinary course of its duties is excepted from Nevada's wiretap law. Nev. Rev. Stat. § 179.425(1)(a). Second, given all the notices that petitioner received that telephone conversations would be recorded, the automated warning to the recipients of his telephone calls that the conversations would be recorded, and petitioner's own statements to the people on the other end of the line that the conversations would be recorded, both parties to the conversations consented to the recording of the conversations. See McClellan v. State, 182 P.3d 106, 109 (Nev. 2008) (Nevada requires both parties to telephone conversation to consent to recording). Appellate counsel could not have succeeded with this issue on direct appeal. Consequently, the claim of ineffective assistance of appellate counsel is insubstantial, and good cause does not exist to excuse the procedural default of ground 5(c).

Respondents argue that the court should dismiss ground 3 because it is in essence state-law claim with only some invocations of federal constitutional law. This is not an matter for the court to address on a motion to dismiss. First, as petitioner notes, the parties did litigate the claim on direct appeal as a matter of constitutional law at least in part. Second, if there is no issue of federal law in the claim, then respondents may argue in their answer that the Nevada Supreme Court's decision could not have been contrary to, or an unreasonable application of, clearly established law as

1 determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 77 (2006).

      Petitioner had submitted a motion for enlargement of time to file an opposition to the motion to dismiss (#51).  Petitioner then filed a second motion for enlargement of time (#53), which the court granted.  The first motion (#51) is still extant, but it has been superseded.  The court will take no further action on it.

      IT IS THEREFORE ORDERED that respondents' motion to dismiss (#50) is **GRANTED** in part.  Ground 5(c) and the double-jeopardy claim of ground 4 in the second amended petition are **DISMISSED** with prejudice because they are procedurally defaulted.

      IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

      IT IS FURTHER ORDERED that no action will be taken on petitioner's motion for enlargement of time (#51).

Dated:   July 15, 2014

                                        _____
                                        ROBERT C. JONES
                                        United States District Judge